UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **QRYPT INC.**, | |
| Plaintiff, | Index No. **1:25-cv-05275** |
| ~ *against* ~ | Before District Judge Alvin K. Hellerstein |
| **QRYPTONIC LLC**, | |
| Defendant | |

===

# AFFIDAVIT IN OPPOSITION *to*
# MOTION FOR PRELIMINARY INJUNCTION
# BY DEFENDANT QRYPTONIC LLC

===

Baruch S. Gottesman, Esq.
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004
Phone: (212) 401-6910
bg@gottesmanlegal.com
*Counsel for Defendant Qryptonic*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **QRYPT INC.**, <br><br>                    Plaintiff, <br><br> ~ *against* ~ <br><br> **QRYPTONIC LLC**, <br><br>                    Defendant | **Index No.** 1:25-cv-05275 <br><br> Before District Judge Alvin K. Hellerstein |

A.   Introduction

1. My name is __J. Nathaniel Ader__ and I serve as __Co Founder, CIO__ to the Defendant Qryptonic LLC. I am above 18 years of age and authorized by Qryptonic LLC to submit this Affidavit in Opposition to the Motion for a Temporary Restraining Order and Preliminary Injunction.

2. I am personally familiar with the facts and circumstances that I describe below. The information provided below reflects my personal knowledge based on my review of the books and records of Qryptonic LLC that are kept in its regular course of business and my personal knowledge of Qryptonic LLC's business practices.

3. I understand that this Affidavit is to be submitted by our Counsel in response to a Motion that was filed to impose a Temporary Restraining Order against our continued use of our brand.

4. I further understand that because of the narrow issues before the Court at this time, the goal of this Affidavit is only to provide information about our lack of connection with New York, direct the reader to the our Trademark Docket and website

and to explain the damages that we will suffer if an injunction were imposed.

5. I made efforts to appear in person this morning but it was not possible to finalize travel from Florida on such short notice. I am available to testify virtually today or at any time that the Honorable Court may schedule a hearing and to otherwise supplement this Affidavit with any further information that the Court may find useful in determining this Motion.

6. This Affidavit was prepared with the assistance of Counsel as to its style. But I personally provided the substantive information in this Affidavit, I personally reviewed and signed the final version as accurately translated for me, and I personally take full and sole responsibility for what this Affidavit says.

B. **We Have No Connection with New York**

7. We are incorporated in Florida. We are not registered to do business in New York.

8. Qryptonic LLC never had and does not currently maintain any place of business in New York. In the past our website stated a "New York" office, but that was never operational and was a placeholder when we first set up our website as we finalized our corporate arrangements.

9. Qryptonic LLC never had and does not currently maintain any offices, employees, agents, or otherwise have any business connection with New York.

10. Qryptonic LLC never had and does not have any manufacturing, sales, marketing, distribution or other facility at New York.

11. Qryptonic LLC never has and does not currently pay taxes in New

York, maintain any bank accounts in New York, or otherwise engage in any business meetings, calls, trade fairs, or any other business activity at New York.

12. Qryptonic LLC has never sent any employee or agent to New York for business purposes and has never sent any agent to New York for any purposes.

13. Qryptonic LLC has never and does not own any real or personal property at New York.

14. No Witness that Qryptonic LLC intends to introduce at trial is located at New York.

15. At no time has Qryptonic LLC directed advertising or marketing budget to New York or proactively done business at New York.

16. Litigating in New York would be unusually burdensome and expensive because of the need to collaborate through Local Counsel in New York. In addition, no witnesses or documents relevant to this case are located at New York.

17. All of our operations, all of our witnesses, all documents relevant to this case, and all other business activities of Qryptonic LLC are located only at Florida and not at New York.

18. My estimate of the amount of services sold in New York and/or to New York customers is __0%__ % of our total sales.

C. **The Economic Impact of a Temporary Restraining Order**

19. The impact of an injunction would be devastating.

20. If an injunction were entered against Qryptonic at this stage, it would cause immediate and substantial harm to the company that could not be fully undone

later, even if the injunction were ultimately found to have been improper.

21. Qryptonic is an operating business with active customers, ongoing sales discussions, and long-cycle enterprise prospects. An injunction restricting our use of our name would disrupt existing customer relationships, interfere with live sales processes, and create uncertainty among prospective customers who require stability and continuity when selecting a cybersecurity provider . In our industry, hesitation or delay caused by perceived legal risk often results in lost opportunities that cannot be recovered after the fact.

22. The costs would not be limited to rebranding expenses. An injunction would impair goodwill we have built independently, force us to pause or restructure marketing and outreach efforts, and divert management attention and resources away from operations and toward damage control. These effects would compound over time and would not be fully compensable through ordinary monetary damages.

23. By contrast, denying the injunction would not prevent the plaintiff from pursuing its claims on the merits. T he plaintiff can be made whole through monetary relief if it ultimately prevails. Qryptonic, however, would bear the risk of severe and asymmetric harm if an injunction is imposed prematurely.

24. For these reasons, the balance of equities weighs strongly against entry of an injunction. If the Court nevertheless determines that injunctive relief is appropriate, Qryptonic respectfully submits that any such relief should be conditioned on the posting of a bond sufficient to cover the full scope of damages it may suffer if the injunction is later determined to have been improperly granted.

25. We are in the process of trying to estimate the quantum of damages

sufficient to compensate us for an improvidentially entered injunction but at the least it would be more than   $10,000,000  .

### D.    Conclusion

26.    As noted above, I remain available to supplement this affidavit with any further documentation that this Court may require and I look forward to the opportunity to testify in person or virtually (if so allowed) at a hearing on any Motion, and/or to supplement this Affidavit with any further information that the Court may need.

27.    I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this  28 th date of January 2026

RESPECTFULLY SUBMITTED,

*J. Nathaniel Ader*