Baruch S. Gottesman
Attorney and Counselor at Law

February 6, 2026

**Via ECF**
The Hon. District Judge Alvin K. Hellerstein
United States District Court for the
Southern District of New York
500 Pearl Street, Courtroom 14D
New York, NY 10007

Re:  Joint Letter Pursuant to Chambers Rule 2.E
Addressing Discovery Disputes in
Qrypt Inc. v. Qryptonic LLC
Case No. 25-cv-05275 (S.D.N.Y.)

Judge Hellerstein:

*[handwritten annotation: The Deposition shall proceed as scheduled. Def's objection to the scope of questioning is over-ruled. 2-11-26 AKHellerstein]*

## I.    Introduction

I represent the Defendant in the matter of *Qrypt Inc. v. Qryptonic LLC*, Case No. 25-cv-5275 (S.D.N.Y.), in which the Honorable Court provided for limited Discovery on the issue of personal jurisdiction over the Defendant.  On behalf of my client and with the Plaintiff's input – provided below – the Defendant respectfully submits this Joint Letter to resolve certain disputes that have arisen between the Parties.

## II.    Date of the Deposition

### i.    Defendant's Position –
**Request to Reschedule to any other day in the week of February 9, 2026**

The Defendant's corporate representative in the best position to sit for a deposition has since become unavailable for the scheduled deposition on Monday, February 9, 2026.  They are available any other day this coming week (including Sunday) but an important webinar to the community https://qryptonic.com/webinar will make his participation impossible.

### ii.    Plaintiff's Position –
**Deposition Should Proceed as Noticed on February 9, 2026**

Plaintiff respectfully submits that the Rule 30(b)(6) deposition of Defendant should proceed as noticed on Monday, February 9, 2026, and that Defendant's request to adjourn the deposition is unjustified and should be denied.

At the January 28, 2026, hearing on Plaintiff's Motion for Preliminary Injunction with Temporary Restraining Order, counsel for Plaintiff and counsel for Defendant stepped into the hallway outside the courtroom to finalize a jurisdictional discovery schedule. During that discussion, Defendant's counsel called his client on speaker and specifically asked whether he was available to appear in person in New York for a deposition on Monday, February 9, 2026.

Letter to Hon. District Judge Alvin K. Hellerstein
February 6, 2026
Page 2 of 5

Defendant confirmed on speaker before counsel for Plaintiff that he was available. The parties then returned to the courtroom, announced the agreed-upon discovery schedule to the Court, and the Court issued a briefing and hearing schedule premised on that agreement.

In reliance on that agreement and the Court's schedule:

- On January 28, 2026, Plaintiff scheduled a court reporter for the February 9 deposition.

- On January 29, 2026, Plaintiff's counsel booked flights and hotel accommodations in New York that can no longer be refunded in full, if at all.

- On January 30, 2026, Plaintiff timely served jurisdictional interrogatories, requests for production, and a Rule 30(b)(6) deposition notice setting the deposition for February 9, 2026, exactly as agreed and represented to the Court.

It was not until Wednesday, February 4, 2026, at 8:15 p.m. Eastern Time—two business days before the deposition—that Defendant's counsel first suggested the deposition might need to be "recessed." At that time, Defendant's counsel represented that his client had been "invited to give a keynote on Monday in Miami at, what [Defendant's counsel understood], is an important conference." That representation has now changed. Defendant now claims the conflict is an "important webinar" that Defendant itself scheduled and is promoting through its own website under the infringing QRYPTONIC mark (continuing to harm Qrypt). *See* https://qryptonic.com/webinar. Archived screenshots of Defendant's website from the most recently available date (January 14, 2026) show that no such webinar was promoted at that time. *See* https://web.archive.org/web/20260114160950/https://qryptonic.com/. The source code for Defendant's website shows that the Zoom link for the webinar hosted on Defendant's website was not valid until February 4, 2026—the very day counsel for Defendant emailed Plaintiff's counsel. Notably, the webinar can be attended from New York, supporting a ruling that jurisdiction in New York is appropriate.

There is no keynote. There is no immovable third-party obligation. Instead, Defendant unilaterally scheduled a marketing webinar for the services it promotes under the infringing QRYPTONIC Mark after agreeing at the January 28th hearing to appear in New York for deposition on February 9th. Defendant now seeks to use that self-created conflict to force Plaintiff to absorb additional costs and delay the proceedings.

This request is particularly inappropriate given Defendant's litigation conduct to date. Defendant filed a Notice of Motion to Dismiss for Lack of Personal Jurisdiction on August 25, 2025 (DE 20), but never filed a supporting memorandum or evidence. The Court correctly denied the motion based on the allegations in Plaintiff's complaint, including Defendant's public representation that it maintained an office in New York (DE 33). Defendant then waited more than five months—and until less than thirty minutes before the January 28, 2026, hearing—to again raise jurisdiction as an issue, depriving Plaintiff of any meaningful opportunity to supplement the

Letter to Hon. District Judge Alvin K. Hellerstein
February 6, 2026
Page 3 of 5

record at that time and forcing Plaintiff to incur unnecessary costs associated with the preliminary injunction hearing.

Now, Defendant again seeks to delay jurisdictional discovery by claiming unavailability on the date it agreed to at the January 28th hearing, based on a conflict of its own making. Allowing Defendant to adjourn the deposition under these circumstances would reward precisely the type of gamesmanship that has characterized Defendant's conduct throughout this case.

Moreover, Defendant's claimed conflict underscores—rather than undermines—the appropriateness of proceeding with the deposition in New York. The webinar Defendant relies on is a commercial marketing event conducted through Defendant's website and can be both hosted and attended remotely, including from New York. Defendant's insistence on prioritizing continued promotion of the infringing QRYPTONIC mark over compliance with a court-ordered discovery schedule further demonstrates the need for the deposition to move forward without delay so that the Motion for Preliminary Injunction can be adjudicated.

For all of these reasons, Plaintiff respectfully submits that the deposition should proceed as noticed on February 9, 2026, in New York. Plaintiff does not consent to adjournment, relocation, or rescheduling, and reserves all rights to seek appropriate relief should Defendant fail to appear or fail to produce a properly prepared Rule 30(b)(6) witness.

### III.   Scope of Deposition
    **i.**   **Defendant's Position –**
        **Membership of the Defendant is Out of Bounds**
        **or, in the alternative, Should be Subject to Confidentiality Order**

The Plaintiff Counsel has proposed to question the Defendant's corporate representative on the issue of its Membership. The Defendant has disclosed in their response to the Interrogatories that no Member of the Defendant is resident in New York and none has conducted any activity on behalf of the Defendant in the State of New York.

This Court has confirmed that jurisdictional discovery is not a fishing expedition but only allowed to explore matters for which the Plaintiff "ma[d]e a prima facie showing that jurisdiction exists." *Boyer Works USA, LLC v. Spin Master Products*, Case No. 21-cv-7468 (S.D.N.Y. Apr. 28, 2022) *quoting Thomas v. Ashcroft*, 470 F.3d 491, 495 (3d Cir. 2006). Your Honor has ruled that this needs to be a "colorable claim of personal jurisdiction but [where Plaintiff] lacks key supporting facts that might reasonably be identified through such discovery." *Boyer Works, Id., citing Singer v. Bank of Palestine*, No. 19-cv-006, 2021 U.S. Dist. LEXIS 177860, at *61-62 (E.D.N.Y. Apr. 30, 2021).

The Plaintiff in this case has not alleged personal jurisdiction arising out of the residence of any Members of the Defendant. And they could not, as no Member is resident in New York. In addition, the allegations of personal jurisdiction do not arise out of activity done by

Letter to Hon. District Judge Alvin K. Hellerstein
February 6, 2026
Page 4 of 5

Members in New York, as the Defendant has confirmed no work for the company was ever conducted in New York.

The only potential reason to know the Membership of the Defendant, would be to impute the citizenship of the Members to the LLC itself. But in the Second Circuit, personal jurisdiction cannot be imputed to a parent based on the activity of a subsidiary corporation in New York State. *See generally Jazini v. Nissan Motor Co.*, 148 F.3d 181 (2d Cir. 1998). District Courts have confirmed *Jazini* applies to both parent and subsidiary relationships, *See, e.g., ESI, Inc. v. Coastal Corp.*, 61 F.Supp. 2d 35, 51 (S.D.N.Y. 1999) (collecting cases that for jurisdictional purposes a subsidiary relationship is insufficient unless there is an agency relationship and "[t]he same rule applies to the converse situation, when a plaintiff seeks to assert personal jurisdiction over a foreign subsidiary based upon the presence of its parent."). The Defendant's position is therefore that questions about the identity of the Members are irrelevant to the issue of personal jurisdiction and should be out of bounds at the Deposition.

Defendant therefore seeks guidance from the Court to confirm that questioning of the Membership of the Defendant be out of bounds at the Deposition, and, in the alternative, that such information be subject to confidentiality order as it is a sensitive business matter.

### ii.    Plaintiff's Position –
### Deposition May Include Inquiry into Defendant's Membership

Defendant's objection to ownership and membership discovery is unfounded and contrary to settled Second Circuit and Southern District of New York law.

When personal jurisdiction is contested, ownership, control, and governance information is directly relevant to the Court's analysis. Courts routinely permit discovery into these topics to determine whether a defendant's New York contacts are attributable through agency, control, or an integrated enterprise. *See Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460 (1988); *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 366–67 (2d Cir. 1986).

Defendant's reliance on *Jazini* is misplaced. Plaintiff does not contend that a subsidiary or ownership relationship alone establishes personal jurisdiction. Rather, Plaintiff seeks the threshold discovery necessary to determine whether an agency or control relationship exists at all—a determination that cannot be made where Defendant refuses to identify who owns and controls Defendant. *Jazini* limits conclusory allegations; it does not permit a defendant to defeat jurisdiction by withholding the very facts needed to assess agency or control in the first instance.

Here, Plaintiff has gathered evidence: (i) that Defendant's operations extend beyond a single entity styled "Qryptonic, LLC"; (ii) that "Qryptonic Inc." appears as the registrant for qryptonic.com; and (iii) that SpringOwl—an entity with a New York presence and a New York service-of-process designation—holds a controlling interest. Qryptonic, Qryptonic Inc., and SpringOwl-related entities also share a common address, further supporting centralized control.

Letter to Hon. District Judge Alvin K. Hellerstein
February 6, 2026
Page 5 of 5

Under these circumstances, who owns Qryptonic, who controls it, and from where decisions are made are core jurisdictional facts.

Defendant's assertion—without proof—that ownership information is "highly sensitive," which Plaintiff disputes, is not a valid basis to refuse disclosure. Defendants and their affiliates have publicly referenced SpringOwl's role in Defendant, undermining any claim that basic ownership information is too confidential to produce. Any legitimate confidentiality concern can be addressed through appropriate protections; it does not justify non-production. *See Micillo v. Liddle & Robinson LLP*, No. 15-CV-6141 (JMF), 2016 U.S. Dist. LEXIS 67247, at *18-19 (S.D.N.Y. May 23, 2016) (the proper remedy for sensitive information is either redaction or a protective order, not withholding from discovery altogether); *see also Yang Feng Zhao v. City of N.Y.*, 2007 U.S. Dist. LEXIS 91049, at *21 (S.D.N.Y. Dec. 4, 2007) ("[E]ven if we assume -- contrary to all appearances -- that some of the documents contain sensitive information, defendants completely ignore the potential curative effect of a confidentiality order.").

Moreover, Defendant cannot contest jurisdiction while withholding the information necessary to resolve it. Where a defendant controls key jurisdictional evidence and refuses to produce it, courts may draw reasonable inferences against that defendant. *See Rosa v. Genovese Drug Stores, Inc.*, No. 16 CV 5105 (NGG)(LB), 2017 U.S. Dist. LEXIS 217327, at *5 (E.D.N.Y. Apr. 24, 2017) (ordering an adverse inference instruction where defendant had control over evidence and failed to produce it).

Plaintiff's requests are narrowly tailored to jurisdictional issues. Plaintiff seeks only ownership, membership, and control information necessary to determine whether New York-based actors directed or benefited from Defendant's New York-facing conduct. That discovery is proportional, appropriate, and essential to the Court's jurisdictional determination.

On behalf of my client and the Parties, I thank the Honorable Court for their continuing attention to this case and their consideration of this Letter.

RESPECTFULLY SUBMITTED,

By: _____

Baruch S. Gottesman, Esq.
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004
*Counsel for Defendant Qryptonic LLC*